Navajo Housing Authority, *Petitioner,*

vs.

Helen Betsoi, Bessie Benally, Olson & Gucina Redhorse, Francis & Rita
Wagner, & All other Mutual Help Participants, *Respondents.*

Decided July 24, 1984

## OPINION

*John H. Schuelke and Norman Cadman, Esquires, Window Rock,
Navajo Nation (AZ) for the Petitioner and Peter Breen and Wesley
Atakai, Esquires, Window Rock, Navajo Nation (AZ) for the
Respondents.*

*Justice Tom Tso delivered the Opinion of the Court.*

The above-entitled matter comes before the Court of Appeals of the
Navajo Nation on the Navajo Housing Authority's petition for a declara-
tory judgment to determine rights under Mutual Help and Occupancy
Agreement and certification of questions from the Honorable Homer
Bluehouse and the Honorable Marie F. Neswood, District Judges for
Chinle and Crownpoint Districts, respectively. The two judges have
requested the Court of Appeals to review the certification of questions on the
validity of applying 16 N.T.C., Sec. 1801 through 1810 in causes of action
against citizens residing in the Navajo Housing Authority's Mutual Help
Housing Program.

The two judges requested the certification of questions because of the mul-
tiplicity of similar actions in the two courts and on further information these
types of cases are presently pending in the rest of the Navajo courts. The only
issues this court will deal with at this time and by this opinion is whether the
trial court should certify questions to the Court of Appeals and whether the
certification of questions instantly before us is proper and permitted by the
Rules of the Appellate Procedure.

The Navajo Rules of Appellate Procedures at Rule 16, *Mandamus and Other Special Proceedings*, states, "the Court of Appeals will take original jurisdiction in proceedings for a writ of mandamus or a writ of prohibition or in *any other special proceedings* only when it appears that no remedy is available from a district court" (emphasis added).

If a certification of question is a "special proceedings" pursuant to Rule 16, then the Navajo Court of Appeals will have original jurisdiction.

The term certification of a question is one of no fixed content. Such term is used to describe a practice based on the procedure developed in the federal courts, under which an entire case or more generally a specific question of law involved in the case may be sent from a lower to a higher court for decision.

Certification is provided for in some jurisdictions where the intermediate appellate court is of the opinion that a question of law is involved which is of such importance that the higher court ought to review the entire case. 5 Am. Jur. 2d, *U.S. Appeals and Error*, Sec. 1025.

It appears a certification of questions is part of the built-in remedies available from a trial judge when there is narrow and definite question(s) of law or statute(s) before him wherein she / he certifies to the appellate court for review and determination which is then returned to the trial court for the proper disposition.

From the discussion above it appears that a certification of questions from a lower court to a higher court is a special proceeding in the Navajo Nation Courts, therefore in the instant case the Navajo Court of Appeals has jurisdiction to review the questions certified to them by the Chinle and the Crownpoint District Courts.

Where the jurisdiction on appeal of the highest court is based on certified questions it is usually restricted to review of single or particular questions which present distinct questions or propositions of law usually arising in the case, and which are material, and will aid the lower court in determining the case before it. Different questions from those certified by the Court below cannot be substituted by the parties.

Certification by the trial court may be limited to particular types of questions which are important and doubtful. 5 Am. Jur. 2d, *Appeals and Error*, Sec. 1026.

The following elements must occur before a question can be certified from a lower court to a higher court, i.e.,

(a) the question must be one of legal doubt requiring a final determination of law;

(b) it must be a question of material importance or an issue of substantial public interest;

(c) it may so affect the merits of the controversy that it ought to be deter-

mined by the reviewing court before further proceedings in the trial court;

(d) all those elements must be so determined to exist by the court before which the cause is pending prior to the question(s) being certified for review. *State v. Karagavoorian*, 32 RI 477.

On certification of question as to the constitutionality of a statute, the duty of the appellate court is to test the constitutionality only in-so-far as the question relates to the disposition of the actual case presently before the court. *Agootian v. Providence Redevelopment Agency*, 80 RI 72, 91 A2d 21.

Certified questions should be carefully and precisely framed to present distinctly and clearly the question or proposition of law involved. The certificate should contain the proper statement of the ultimate facts upon which the question arises and should clearly show in what respect the instruction of decision of the appellate court is desired. 5 Am. Jur. 2d, *Appeals and Error*, Sec. 1028. Generally, the appellate court will consider only the question or questions certified, without regard to the record, although in some jurisdictions the appellate court instead of answering the questions certified may be authorized on its own motion to order up the entire record as though it had been brought up on appeal.

The opinion of the higher court on the question certified becomes the decision of the lower court on the question(s), but the opinion rendered by the intermediate appellate court remains undisturbed during the pendency of the case in the higher court on a certified question.

The matter at bar is a question of law regarding the legality of 16 N.T.C., *et. seq.* when utilized by the Navajo Housing Authority as to participants residing in the Mutual Help Housing throughout the Navajo Nation. The questions certified to this court appears that it would create potential conflicts when the lower trial judges are hearing essentially the same cases which could and will result in contrary findings.

On the questions certified in this matter it appears that the legality of the forcible entry and detainer law as found within 16 N.T.C. is being challenged which is basically a constitutional challenge to the procedure under Navajo law.

In considering the certification of questions before this court from the lower court, and upon examination of the certificate, it appears from the Chinle and Crownpoint District Court that each of the elements necessary for certifications are being essentially met.

Upon review of the instant facts, there are pending actions which involve an interpretation of tribal law and the request is a narrow ruling on the legality of such statute in light of events surrounding the eviction of mutual help participants. On such reading therefore, it appears that the case at bar is being conducted in accordance with the general trend of certification of questions. The question of jurisdiction of the Court of Appeals to hear such mat-

ters as the certification of questions can be framed as involving substantial issues of public interest which will affect the total outcome of both HUD Housing on the reservation as well as the several causes of action that are now before the courts. Thus, there are several policy decisions that are to be considered as part of this question. Although not the ultimate reason for such consideration, nevertheless, this case requires serious consideration by the Court of Appeals for the future housing growth within the Navajo Nation.

THEREFORE, the certification of questions from the Crownpoint and Chinle Courts are proper and this Court should consider the questions.

THEREFORE IT IS HEREBY ORDERED that the Navajo Nation Court of Appeals will accept the certificate of questions from the Chinle and Crownpoint District Courts and will consider the questions.

IT IS FURTHER ORDERED that the stay of proceedings in this matter will continue and any further proceedings within the lower court are stayed until the further outcome of this matter.

IT IS FURTHER ORDERED that the participants are directed to continue paying their agreed monthly payments to the Navajo Housing Authority.